# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LISA D. WHYTE,**

        **Plaintiff,**

        v.                                                **Case No. 18-CV-1274**

**ANDREW M. SAUL,**

        **Defendant.**

## ORDER

Plaintiff Lisa Whyte filed this action seeking judicial review under 42 U.S.C. § 405(g) of the Commissioner's decision denying her application for disability insurance benefits. The matter was reassigned to this court in October 2019 after the parties consented to magistrate judge jurisdiction. (ECF Nos. 19-21.) On October 25, 2019, the court issued a decision reversing the Commissioner's decision and remanding the matter for further proceedings. (ECF No. 22.) Judgment was entered three days later. (ECF No. 23.) On November 25, 2019, the Commissioner filed a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). (ECF No. 29.) Because the Commissioner has failed to offer newly discovered evidence or show that the court made a manifest error of law or fact, the motion will be denied.

# DISCUSSION

In its decision, the court determined, among other things, that the ALJ erred in evaluating and assigning weight to the opinion of Whyte's treating neurologist, Dr. Bhupendra O. Khatri, and in assessing Whyte's statements concerning the intensity, persistence, and limiting effects of her symptoms. The Commissioner seeks reconsideration of these findings.

## I. Applicable law

Rule 59(e) permits a losing party to seek to alter or amend a judgment "when there is newly discovered evidence or there has been a manifest error of law or fact." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (citing *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000)). "It does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (quoting *Bordelon*, 233 F.3d at 529). "The decision whether to grant or deny a Rule 59(e) motion is entrusted to the sound judgment of the district court." *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996) (citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)).

**II.   Analysis**

**A.   Dr. Khatri**

In February 2016 Dr. Khatri noted that Whyte was "doing well" overall but that she "continue[d] to have significant and disabling[] fatigue issues." (Tr. 860, 941.) The ALJ assigned little weight to Dr. Khatri's opinion because: (1) "his opinion infringe[d] on a matter reserved for the Commissioner"; (2) he "fail[ed] to provide a function-by-function analysis"; (3) his opinion "appear[ed] incongruent with his own treatment notes, which show [Whyte's] fatigue improving with Nuvigil and [Whyte] doing well overall"; and (4) his opinion was "inconsistent with [Whyte's] objective findings during consultative examination." (Tr. 22.) In reversing the ALJ's decision, the court determined that those were not good reasons for discounting the opinion of "a highly trained neurological specialist who personally observed and examined [Whyte] over multiple treatment visits." (ECF No. 22 at 6-10.) The Commissioner maintains that the ALJ's reasons were valid and that the court improperly reweighed the evidence. (ECF No. 29 at 2-8.)

First, the Commissioner argues that the court erroneously concluded that the ALJ erred when he discounted Dr. Khatri's opinion because it was an opinion on an issue reserved for the Commissioner. (ECF No. 29 at 2-4.) In its decision, the court noted Seventh Circuit case law holding that treating source opinions on issues reserved for the Commissioner are not improper and should not be ignored. (ECF No. 22 at 8 (citing

3

*Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012)).) The Commissioner contends that "an ALJ properly considers the fact that a medical source opined on an issue reserved to the Commissioner as one factor in evaluating that opinion, so long as the ALJ *also* considers other regulatory factors in evaluating the opinion." (ECF No. 29 at 3.) The case cited in support, *Filus v. Astrue*, 694 F.3d 863 (7th Cir. 2012), does not read so broadly, and, in fact, appears in conflict with other controlling authority. *See, e.g.*, *Hamilton v. Colvin*, 525 F. App'x 433, 439 (7th Cir. 2013); *Garcia v. Colvin*, 741 F.3d 758, 760 (7th Cir. 2013). Moreover, as discussed below, the ALJ's other reasons for rejecting Dr. Khatri's opinion are infirm. The Commissioner, therefore, has not shown that the court made a manifest error of law when it concluded that the ALJ's first reason for discounting Dr. Khatri's opinion was deficient.

Second, the Commissioner argues that the court erred in finding that the ALJ improperly identified Dr. Khatri's failure to provide a function-by-function analysis as a reason for discounting his opinion. (ECF No. 29 at 4.) The Commissioner maintains that, while "doctors are not *required* to provide a functional assessment of a claimant's work abilities, . . . the fact that a medical source's opinion does not include any functional limitations is a valid factor for the ALJ to consider in evaluating that opinion under Seventh Circuit precedent." (*Id.*) The cases cited by the Commissioner generally show that an ALJ may discount an opinion from a treating source that fails to reflect a judgment about the nature and severity of a claimant's impairments. But Dr. Khatri's statement that

4

Whyte continued to suffer significant and debilitating fatigue *does* go to the severity of her multiple sclerosis (MS) and associated symptoms.

Third, the Commissioner argues that the court incorrectly interpreted treatment records concerning Whyte's alleged improvement with medication. (ECF No. 29 at 5-6.) The Commissioner maintains that the exhibits cited by the ALJ, 10F (Tr. 843-72) and 19F (Tr. 930-78), show that Whyte's fatigue was controlled with medication. However, some of those records were authored by providers other than Dr. Khatri. (*See* Tr. 857, 858, 953, 957, 965, 977.) Dr. Khatri merely noted that Nuvigil helped with Whyte's fatigue. (Tr. 854, 855, 859.) He never indicated that the medication completely relieved Whyte's symptoms or enabled her to engage in sustained activity. As such, Dr. Khatri's opinion that Whyte suffered significant and debilitating fatigue was not inconsistent with his treatment notes stating that Whyte's fatigue was better with medication.

Finally, the Commissioner argues that the court erred in finding that Dr. Khatri's treatment notes did not undermine his work-preclusive opinion. (ECF No. 29 at 6-7.) The Commissioner emphasizes that, despite suffering from relapsing-remitting MS, "Dr. Khatri *consistently* documented that [Whyte's] MS was 'doing well' with normal physical exam findings." (*Id.* at 6.) That is true. But, as the court has already determined, "Dr. Khatri's description of how Whyte presented on the days of her appointments did not necessarily capture her ability to work on a sustained basis." (ECF No. 22 at 9 (citing *Gerstner v. Berryhill*, 879 F.3d 257, 262 (7th Cir. 2018)).) Likewise, the normal physical

5

exams cited by the ALJ do not appear to have tested Whyte's main symptom, fatigue. The Commissioner has not shown that analysis to be a manifest error of law or fact.

### B. Subjective-symptom evaluation

The Commissioner also argues that the court erred in finding that the ALJ's use of boilerplate language in evaluating Whyte's statements concerning the intensity, persistence, and limiting effects of her symptoms constituted reversible error. (ECF No. 29 at 8-11.) However, the court did not base its decision to remand on the ALJ's use of the "not entirely consistent" boilerplate language. Rather, the court determined that the ALJ "used inconsistent standards for evaluating Whyte's subjective symptoms," making it impossible to tell if he used the correct one. (ECF No. 22 at 14-15.) The court also determined that "the ALJ's evaluation of Whyte's subjective symptoms lacks explanation and support in the record," as the ALJ "failed to explain how Whyte's complaints of extreme fatigue were inconsistent with the relatively 'normal' objective medical findings" and "overstated the extent of Whyte's daily activities." (*Id.* at 15-17.) The Commissioner does not challenge those findings. Accordingly, he has failed to demonstrate an entitlement to relief under Rule 59(e) with respect to the court's review of the ALJ's subjective-symptom evaluation.

**IT IS THEREFORE ORDERED** that the Commissioner's Rule 59(e) Motion to Alter or Amend Judgment (ECF No. 29) is **denied**.

Dated at Milwaukee, Wisconsin this 21st day of January, 2020.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge